UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RUFFIN LEON PARKER, III,

        Plaintiff,

v.

PAUL L. MALONEY et al.,

        Defendants.
_____/

Case No. 1:20-cv-636

Honorable Janet T. Neff

# **OPINION**

This is a civil rights action brought by a state prisoner under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).[1]  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] Although Plaintiff purported to bring his action under 42 U.S.C. § 1983, that provision is applicable only to actions filed against state actors.  **Error! Main Document Only.**Where a person alleges that a "federal" actor has violated his or her federal constitutional rights, the claim arises under the doctrine of *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).  The Court therefore docketed the complaint as one filed under *Bivens*, and the Court will consider Plaintiff's allegations as attempting to state a *Bivens* claim.

**Discussion**

I.  **Factual allegations**

Plaintiff presently is incarcerated with the Bureau of Prisons at the Ashland Correctional Facility in Ashland, Kentucky. The events about which he complains, however, occurred during the prosecution of and sentencing for the crime on which he presently is confined: conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). Plaintiff's criminal case was heard in this Court. *See United States v. Parker*, No. 1:10-cr-222 (W.D. Mich). Plaintiff sues United States District Judge Paul L. Maloney, Assistant United States Attorneys B. Rene Shekmer and Jennifer L. McManus, and court-appointed defense counsel Daniel R. Fagan.

Plaintiff alleges that, at some point before he entered a guilty plea, Defendant Shekmer called his cell phone, demanding that he take a plea, despite knowing that Plaintiff was represented by Defendant Fagan. When Plaintiff reported the alleged conversation, Defendant Fagan refused to believe him. Plaintiff also complains that Defendant Fagan allowed all of Plaintiff's past conduct to be put in the presentence report and that Fagan told Plaintiff that he knew Judge Maloney well and went to law school with him. In addition, Plaintiff alleges that "the DEA told my co-defendant I had nothing to do with the indictment and Mr. Fagan tried his best to fight for me and at my sentence." (Compl., ECF No. 1, PageID.3.) Plaintiff further complains that Defendants Shekmer and McManus sought to increase his sentence because they were upset that he did not cooperate.

Plaintiff contends that Defendants violated his due process rights and violated his plea agreement. In a supplement, Plaintiff argues that Defendant Maloney engaged in "false swearing" (ECF No. 6, PageID.86), which Plaintiff insists is a felony that should be reviewed by the United States Attorney's Office and be sanctioned by a prison sentence, disbarment, or other

2

discipline. Plaintiff seeks declaratory and injunctive relief from his prison sentence; he specifically seeks to be released from prison.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Declaratory and Injunctive Relief

The primary relief that Plaintiff seeks in his complaint is release from prison or the overturning of his conviction and sentence. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement.)

Moreover, to the extent that Plaintiff seeks other declaratory or injunctive relief because he was subjected to a biased prosecution and criminal proceeding, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner

4

shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* unless and until his criminal conviction has been invalidated.

### IV.     Defendant Fagan

Plaintiff sues his court-appointed criminal defense attorney, Daniel Fagan. In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, a plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397. Plaintiff suggests that, because Defendant Fagan was appointed by the federal court, he was acting under color of federal law in providing legal representation to Plaintiff during his federal criminal prosecution.

The federal courts routinely have rejected this argument. In *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the State, does not act under color of state law under 42 U.S.C. § 1983, the statutory

5

counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a criminal defendant in a state proceeding. Similarly, "an attorney is not transformed into a federal official for purposes of a *Bivens* action merely because he is appointed by a federal court pursuant to federal law." *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998). *See also Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding that a private attorney does not act under color of state law despite the fact he has been appointed by the court); *Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) (appointed counsel, "even though paid by the government, did not act under color of federal law for purposes of *Bivens* where he was performing traditional functions of counsel"), *Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008) (affirming sua sponte dismissal of *Bivens* action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of law); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal public defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

Because Defendant Fagan was not acting under federal law in representing Plaintiff, Plaintiff's *Bivens* action against Fagan must be dismissed.

## V.     Defendants Shekmer & McManus

Plaintiff sues Assistant United States Attorneys Rene Shekmer and Jennifer McManus, alleging that, as prosecutors in the action, they acted to increase his sentence because they were not satisfied with his cooperation. He also suggests that, by this conduct, Defendants Shekmer and McManus violated his plea agreement.

Defendants Shekmer and McManus are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, seeking a plea and proposing sentencing are parts of a prosecutor's role as an advocate. Accordingly, Defendants Shekmer and McManus are entitled to absolute immunity from damages for their actions.

As earlier discussed, to the extent that Plaintiff alleges that the actions of Defendants Shekmer and McManus' warrant his release or other declaratory and injunctive relief related to the validity of his conviction and sentence, he may not seek such relief in this action. However, in the supplement to his complaint, Plaintiff also appears to seek relief in the form of

7

investigation and criminal prosecution for their actions. Even assuming that such claims would not be barred by *Heck*, 512 U.S. at 486-87, Plaintiff is not entitled to the relief he requests. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond*, 476 U.S. at 64-65; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Id.* Plaintiff's claims against Defendants Shekmer and McManus therefore will be dismissed for failure to state a claim.

## VI.    Defendant Maloney

Plaintiff appears to allege that Defendant Hon. Paul L. Maloney was biased against him in the criminal proceedings. He also appears to allege that Defendant Maloney engaged in the purported felony offense of "false swearing." (Supp. to Compl., ECF No. 6, PageID.86.)

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in

only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity.  There is no doubt that sentencing defendant was a judicial act and that Judge Maloney was acting within his jurisdiction in doing so. Accordingly, Judge Maloney is absolutely immune from liability. Because Judge Maloney is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him.  28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, as the Court earlier discussed, Plaintiff's request for declaratory and injunctive relief are barred by *Heck*, 512 U.S. at 486-87, insofar as he seeks release or other relief related to his sentence, until Plaintiff overturns his criminal conviction.  To the extent that Plaintiff seeks to have Defendant Maloney prosecuted, he lacks a judicially cognizable interest in that outcome for the reasons previously stated.  *See Diamond*, 476 U.S. at 64-65.

For all these reasons, Plaintiff's complaint against Defendant Maloney will be dismissed for failure to state a claim.  *See Jones*, 549 U.S. at 215.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 3, 2020                     /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge